IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No.: 1:08-cr-183-JDB |
| ) | |
| v. ) | UNITED STATES' MOTION |
| ) | FOR DOWNWARD DEPARTURE |
| MARTINAIR HOLLAND N.V., ) | PURSUANT TO U.S.S.G. §8C4.1(b) |
| ) | |
| Defendant. ) | |

The United States hereby moves for a downward departure from the United States Sentencing Guidelines ("U.S.S.G.") fine range calculated in the above-captioned matter due to Martinair Holland N.V.'s substantial assistance in the continuing investigation of Sherman Act violations by other companies and individuals. The United States respectfully submits that the following factors enumerated in U.S.S.G. §8C4.1(b) warrant downward departure.

A.   **Nature and Extent of Assistance**

U.S.S.G. §8C4.1(b)(2) lists as a relevant factor the nature and extent of the organization's assistance. Since it has begun cooperating, Martinair Holland N.V. ("Martinair") has produced tens of thousands of pages of documents and has made translations of foreign-language documents available for government review. Included among the materials produced were foreign-located documents, and the company has committed to making additional foreign-located documents available upon request by the United States.

Martinair obtained separate counsel for its key executives and facilitated making key executives available for interviews, at company expense, in the United States and elsewhere. As

1

a result, the United States was able to interview several executives who would have been beyond the subpoena power of the grand jury. Martinair has also identified other employees who may have information useful to the ongoing investigation and has agreed to make them available upon request in the United States.

Martinair is committed to continuing its cooperation by, among other things, providing U.S. and foreign-located documents and making its executives available to come to the United States to be interviewed, testify before the grand jury, or at any trial that may result from the investigation.

In sum, Martinair has provided exemplary cooperation and is obligated by the terms of its plea to continue to provide that cooperation in the future.

**B.     Timeliness**

U.S.S.G. §8C4.1(b)(3) lists as a relevant factor the timeliness of the organization's assistance. In this case, Martinair was one of the first companies to begin cooperating fully with the United States' investigation, and its cooperation began shortly after it had conducted its own internal investigation of the subject conduct.

**C.     Government's Evaluation of the Assistance**

U.S.S.G. §8C4.1(b)(1) lists as a relevant factor the United States' evaluation of the assistance rendered by the organization. In this case, the United States believes that Martinair has provided full and substantial cooperation which has been of significant and useful assistance to its ongoing investigation. Martinair's cooperation has provided the United States with timely, extensive, credible information against both numerous corporate and individual co-conspirators which advanced this investigation at its earliest stages. As a direct result of information provided

2

by Martinair, the United States has been able to expand the scope of its air transportation investigation and to obtain the cooperation of additional corporate co-conspirators.

Through its cooperation, Martinair provided evidence of collusion in the air cargo industry that was unknown to the United States, effectively broadening that conspiracy and implicating other carriers. Additionally, Martinair provided evidence of other violations in the air transportation industry that was unknown to the United States which broadened the investigation.

International conspiracies which are formed and carried out by conspirators located in various countries are difficult to prove absent the testimony of co-conspirators who are willing to submit to the jurisdiction of the United States. As a foreign corporation with headquarters outside the United States, Martinair could have retained highly relevant documents in its foreign offices and refused to cooperate and obtain the cooperation of its executives in this investigation. It chose, however, to assist the United States early in its investigation in a highly significant and useful way.

In the opinion of the United States, the cooperation tendered and promised by Martinair merits a downward departure as contemplated by Section 8C4.1. As set forth in the parties' Plea Agreement, a copy of which has been provided to the Court, the U.S.S.G. sentencing calculation results in a fine range of $46.6 million to $93.3 million. Based on consideration of the factors set forth in U.S.S.G. §8C2.8, the parties reached agreement that the appropriate point within the U.S.S.G. fine range from which to deduct a substantial assistance discount is $70 million.[1]  The

---

[1] As stated in the Plea Agreement, the affected commerce attributable to the cargo conspiracy, upon which the U.S.S.G. fine range was in part based, included only revenues related to Martinair's cargo shipments out of the United States. In deciding the point within the fine

3

United States believes that a 40% discount from that point is appropriate and warranted for Martinair's substantial assistance and early cooperation, resulting in a fine of $42 million. Accordingly, the United States recommends and respectfully requests that its request for downward departure be granted and that Martinair be sentenced to pay a criminal fine of $42 million pursuant to the terms of the parties' Plea Agreement.

DATED: July 10, 2008

                                        Respectfully submitted,

BY:    /s/ Mark Grundvig
          Mark Rosman, Assistant Chief
          Brent Snyder, Trial Attorney
          Mark Grundvig, Trial Attorney
          Kathryn Hellings, Trial Attorney
          Elizabeth Aloi, Trial Attorney
          U.S. Department of Justice
          Antitrust Division
          1401 H Street, N.W., Suite 3700
          Washington, D.C. 20530
          Tel.: (202) 307-6694
          Fax: (202) 514-6525

---

range from which to deduct a substantial assistance discount, the parties considered the factors set forth in U.S.S.G. §8C2.8(a), including the volume of Martinair's revenues from cargo shipments into the United States. The United States believed it was necessary to consider the revenues from inbound shipments in this fashion in order to adequately reflect the seriousness of Martinair's conduct and the harm to U.S. victims.

CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of July 2008, I electronically filed the foregoing UNITED STATES' MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. §8C4.1(b) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys, who are known to represent the corresponding defendant:

Gary R. Spratling and D. Jarrett Arp, Gibson, Dunn & Crutcher, Attorneys for Martinair Holland N.V.

DATED:    July 10, 2008 at Washington, D.C.

                                                 /s/_____
                                                 Mark C. Grundvig